UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jane CAHOON ROSENBERG, | )<br>)<br>) |
| PLAINTIFF, | )<br>)<br>) Civ. No._____<br>) |
| Kristi NOEM, Secretary,<br>U.S. Department of Homeland Security,<br>in her official capacity;<br>Joseph B. EDLOW, Director,<br>U.S. Citizenship and Immigration Services,<br>in his official capacity;<br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES;<br>U.S. DEPARTMENT OF HOMELAND SECURITY, | )<br>)<br>)<br>)<br>)<br>)<br>) ORAL ARGUMENT<br>) REQUESTED<br>)<br>) |
| DEFENDANTS. | )<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. Plaintiff, Jane Cahoon ROSENBERG, is a United States citizen and the adoptive mother of Ian Huynh Cahoon Rosenberg (born Nhan Hoang Huynh), for whom she filed unsuccessful I-130, Petitions for Alien Relative ("visa petition"). Mrs. Rosenberg is currently seventy (70) years old and seeks to finally resolve Ian's immigration status. Mrs. Rosenberg has twice petitioned for her adoptive son, Ian Rosenberg, a Vietnamese citizen, to qualify for lawful permanent resident status to no avail. Ian is currently twenty-six (26) years old and at the beginning of a promising career as an account executive. He cannot move forward freely with his future in the United States until his immigration status is properly resolved.

1

2. Mrs. Rosenberg has been stymied at every turn in her diligent and sincere attempts to regularize her son's immigration status in the United States. The United States Citizenship and Immigration Services ("USCIS") sent Mrs. Rosenberg in the wrong direction and then incorrectly and improperly held her accountable for following their lead in denying both of her visa petitions for Ian and denying the subsequently filed Form I-290B, Notice of Appeal or Motion—all on improper grounds.

3. Mrs. Rosenberg's most recent visa petition has been improperly denied by USCIS first due to Defendants' failure to properly consider the evidence submitted in the case to establish that Mrs. Rosenberg's visa petition benefiting her adopted son, Ian, should be granted due to an exemption under the Hague Convention on adoption (to which both the U.S. and Vietnam are parties). As Mrs. Rosenberg's adopted son did not enter the United States most recently for the *purpose* of adoption, and had been residing in and established compelling ties to the United States at the time of his adoption, USCIS should have approved the visa petition.

4. Defendants misinterpreted 8 C.F.R. § 204.303(b) to conclude that the United States was not Ian's habitual residence at the time of his adoption. Defendants relied on this erroneous conclusion to deny Mrs. Rosenberg's visa petition pursuant to 8 C.F.R. § 204.2(d)(2)(vii)(D).

5. Moreover, Defendants erred by determining Mrs. Rosenberg had not established Ian's identity, although she had submitted ample evidence consistent with applicable law to meet this requirement. *See* 8 C.F.R. § 103.2(b)(2). Moreover, USCIS did not question Ian's identify in relation to Mrs. Rosenberg's first petition in 2018. By misapplying the law and ignoring the relevant evidence present in the case, USCIS violated the

Administrative Procedure Act ("APA") and the Immigration and Nationality Act ("INA"). Additionally, USCIS violated Mrs. Rosenberg's substantive and procedural due process rights.

## II. JURISDICTION AND VENUE

6. Plaintiff brings this suit under the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, and this Court's inherent equitable power.

7. This case arises under the INA, 8 U.S.C. § 1101 *et seq.*, the regulations implementing the INA, and the APA, 5 U.S.C. § 701 *et seq.*

8. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361. The Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

9. It is within this Court's inherent equitable power to enjoin actions by federal officers in excess of their lawful authority. *See Califano v. Yamasaki*, 442 U.S. 682, 705 (1979) ("Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction.").

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because Defendants are officers or employees of the United States, or agencies thereof, acting in their official capacities, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiff resides in this district. In addition, no real property is involved in this action.

## III. PARTIES

11. Plaintiff Jane Cahoon ROSENBERG is a citizen of the United States who resides in Shaker Heights, Ohio. Ms. Rosenberg has filed two I-130, Petitions for Alien Relative in order to sponsor her adopted son, Ian Huynh Cahoon Rosenberg (born Nhan Hoang Huynh in Vietnam) for Lawful Permanent Residence.

12. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). In this capacity, she is responsible for the administration of the INA, and for overseeing, directing, and supervising all DHS component agencies, including USCIS. She is sued in her official capacity.

13. Defendant DHS is an executive agency of the United States, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). Since March 1, 2003, DHS has been the agency responsible for implementing the INA, including provisions relating to family-based visa petitions that encompass petitions for adopted children of United States citizens.

14. Defendant Joseph B. Edlow is the Director of USCIS, an "agency" within the meaning of the APA, 5 U.S.C. §551(1). In this capacity, he oversees the adjudication of immigration benefits and establishes and implements governing policies. 6 U.S.C. §§ 271(a)(3), (b). He has ultimate responsibility for the adjudication of I-130 Petitions for Alien Relative and is sued in his official capacity.

15. Defendant USCIS is a component of DHS, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefit applications, including I-130 Petitions for Alien Relative.

## IV. FACTUAL ALLEGATIONS

16. Mrs. Rosenberg and her late husband adopted Ian's older biological brother, Eli Rosenberg (born Hung Hoang Huynh) in 2001. Eli was the beneficiary of a USCIS visa petition, which was approved, and received lawful permanent resident status. He is now a United States citizen.

17. Following a visit to Eli's remaining biological family in Vietnam in 2011, Mrs. Rosenberg agreed to a request from the family to adopt his younger biological brother, Ian, and to keep the boys together.

18. Mrs. Rosenberg and Eli moved to Vietnam in July 2011 to allow Ian to move in with them and to allow them to live together as a family (Mrs. Rosenberg's husband had passed away by this juncture). Mrs. Rosenberg was intending to establish a guardianship of Ian as a first step to sponsoring him to come to the United States as her adopted son. At that time, the two boys were attending The American School of Vietnam.

19. Ian first came to the United States with Mrs. Rosenberg and Eli a year later, on or about June 15, 2012, on a B1/B2 visitor visa. He departed the United States with Mrs. Rosenberg and Eli two months later, on August 15, 2012, in order to return to school in Vietnam and to return to their home there.

20. The following summer, in 2013, the three of them returned to the United States on or about June 21, 2013 in order to visit family and for Mrs. Rosenberg to officiate a family wedding in September 2013. Ian again traveled to the United States on a B1/B2 visitor visa. The entire family travelled on round-trip tickets as they intended to return to Vietnam at the conclusion of the summer and after the family wedding.

21. Due to some unforeseen developments that summer, Mrs. Rosenberg, Eli and Ian have, in the main, remained in the United States since June 2013. They did effectuate a very brief

departure to Mexico on December 19, 2013, in order to extend Ian's period of admission on his initial B1/B2 entry from June 2013, which was due to expire on December 20, 2013.[1] Ian entered Mexico on December 19, 2013, and returned to the United States with Mrs. Rosenberg on December 26, 2013—a mere *seven* days later. Pursuant to the long-standing legal analysis of a departure from the United States under the "Fleuti Doctrine,"[2] a departure that is brief, casual and innocent is not a legal departure from the United States. As such, Ian Rosenberg must be considered legally present continuously in the United State from June 21, 2013, until his adoption in Ohio on Jan. 16, 2014, and beyond. Ian has remained in the United States until the present day, having never departed the United States subsequently.

22. Upon Mrs. Rosenberg's and Ian's return to the United States from Mexico on December 26, 2013, U.S. Customs and Border Protection ("CBP") paroled Ian into the United States until February 25, 2014.

23. The family arrived in the United States in June 2013 with return tickets for Vietnam, planning their return to school and their home in Vietnam. Mrs. Rosenberg, Ian and Eli only remained in the United States beyond the September 2013 family wedding due to unforeseen circumstances that led Mrs. Rosenberg to seek advice at the local USCIS office. On September 23, 2013, at the USCIS Field Office in Cleveland, Ohio, Officer Small provided specific advice to Mrs. Rosenberg regarding Ian's immigration case. Officer Small assured Mrs. Rosenberg that she and Ian could remain in the United States

---

[1] Mrs. Rosenberg and Ian were advised by USCIS Officer Small at the Ohio USCIS field office to depart the United States by Dec. 19, 2013, and reenter in order to effectuate a new period of admission for Ian as his initial period of admission was due to expire on Dec. 20, 2013.

[2] *See Rosenberg v. Fleuti*, 374 U.S. 449, 461-62 (1963) (establishing long-standing and still valid law that departures from the United States that are "innocent, casual, and brief" cannot trigger negative legal consequences that attach to an actual "departure.").

and pursue a domestic adoption decree and that she would be able to successfully sponsor Ian for his permanent resident status as a result. CBP extended Ian's parole on February 25, 2014, for a year. CBP has re-paroled Ian regularly each year since that time, while Mrs. Rosenberg's visa petitions have slowly been processed by USCIS. He currently remains in a valid parole status. See Exhibit A.

24. Well after their June 2013 entry into the United States from Vietnam, and after receiving advice from Officer Small in the Cleveland, Ohio, USCIS office in September 2013 (some three months after their last entry to the United States), Mrs. Rosenberg applied for a domestic adoption for Ian. The pursuit of a domestic adoption for Ian in the United States was not conceptualized until after Mrs. Rosenberg and the boys' last entry to the United States in June 2013. Mrs. Rosenberg applied for and obtained an adoption decree for Ian's adoption at the Cuyahoga Country Court in Ohio on January 16, 2014, where the family—Mrs. Rosenberg, Eli and Ian—resided at the time. Prior to the conversation with Officer Small in September 2013, Mrs. Rosenberg had no intention to adopt Ian in the United States—her actions confirm this fact.

25. Despite obtaining an adoption decree duly issued under Ohio law, both visa petitions filed by Mrs. Rosenberg have been denied improperly by the USCIS. *See* Exhibits B and C. Mrs. Rosenberg filed the first I-130 Petition for Alien Relative on Ian's behalf (MSC-16-904-73206) on Jan. 9, 2016. She filed the second I-130 Petition on Ian's behalf on April 15, 2019 (MSC-19-909-06566). Appeals were filed for both and they were ultimately denied. This is the denial we challenge here, though both Petitions have been wrongly denied, contrary to the law and the evidence.

26. In denying Mrs. Rosenberg's petitions, USCIS claimed that Mrs. Rosenberg did not prove that her petition should be approved pursuant to an exception to the Hague

Convention on Adoption and, in the most recent one, that she had failed to establish Ian's identity. See Exhibit B. Specifically, USCIS claimed that Mrs. Rosenberg failed to establish that Ian did not enter the United States for the purpose of adoption, or that Ian resided in and had established compelling ties to the United States at the time of his adoption. USCIS also claimed that Mrs. Rosenberg failed to submit adequate secondary evidence of Ian's identity. These findings are in error.

## V. LEGAL ANALYSIS

27. Vietnam is a party to the Hague Convention. *See* U.S. Department of State, *Convention Countries*, available at https://travel.state.gov/content/travel/en/Intercountry-Adoption/Adoption-Process/understanding-the-hague-convention/convention-countries.html (last accessed Nov. 4, 2025). As Mrs. Rosenberg adopted Ian while he was under the age of 16 years old, and Ian resided with Mrs. Rosenberg and was in her legal custody for at least two years, she needed only to establish an exception to the Hague Convention for her I-130 Petition to be legally sufficient. *See* 8 U.S.C. § 1101(b)(1)(E)(i); USCIS Policy Manual, Vol. 5, Part E, Ch. 3.[3]

28. Mrs. Rosenberg's physical custody of Ian, during which time she assumed her role as Ian's mother, commenced in July 2011. Her legal custody commenced after the domestic adoption in Ohio was finalized on January 16, 2014, when Ian was 14 years old. Ian had both resided with and been in Mrs. Rosenberg's legal custody for over 10 years at the time USCIS adjudicated the second I-130 Petition.

29. In order to establish the requisite exception to the Hague Convention, Mrs. Rosenberg needed to establish that she did not enter the United States in June 2013—the last entry

---

[3] https://www.uscis.gov/policy-manual/volume-5-part-e-chapter-3.

made by Mrs. Rosenberg and Ian in light of the *Fleuti* Doctrine—with the intention of adopting Ian, and that Ian was habitually resident in the United States on the date of his adoption on January 16, 2014. A finding which was supported by the Probate Court of Cuyahoga County, Ohio. Exhibit D.

30. Mrs. Rosenberg presented ample evidence to establish both of these facts, and USCIS has erred in denying her visa petitions sponsoring her youngest child, Ian, for permanent residence status in the United States. The adjudicating officers at USCIS improperly disregarded evidence presented by Mrs. Rosenberg that she lacked the intent to adopt Ian when they entered the United States and that Ian was habitually resident in the United States prior to his adoption in January 2014 (which is also required by domestic law for the family court to have jurisdiction to proceed with the adoption). Both of these facts are established by the evidence presented to USCIS.

31. In denying Plaintiff's visa petitions for Ian, USCIS determined that Ian was not habitually resident in the United States at the time of his adoption on January 16, 2014. USCIS wrongly focused on Ian's entry into the United States with Mrs. Rosenberg on December 26, 2013, as the relevant date for evaluating Ian's residence, when in fact Ian's departure from the United States on December 19, 2013, and subsequent reentry on December 26, 2013, was a brief, innocent, and casual departure that did not interrupt his more than six months of continuous residence in the United States, dated between his entry to the United States on June 21, 2013, and his adoption on January 16, 2014.[4]

---

[4] USCIS erroneously asserts in its July 5, 2024, notice denying Mrs. Rosenberg's I-130 Petition that Ian "originally entered the U.S. on June 21, 2013, and departed on October 25, 2013." That is not so. As Mrs. Rosenberg explained in support of her I-130 Petition, she, Ian, and Eli drove to the U.S.-Canada border on October 25, 2013, to re-stamp Ian's passport. However, the CBP

32. In concluding that Mrs. Rosenberg failed to establish that Ian was habitually resident in the United States, USCIS ignored the significant proffered evidence of his established residence in the United States for over six months, including attending school and joining sports teams and Boy Scouts, from September 2013, when the family did not to return to Vietnam, and January 2014, when Mrs. Rosenberg adopted Ian. Moreover, by January 2014, Ian had "compelling ties" to Ohio and the United States. Ian was living with his only biological sibling, Eli, who had been adopted by Mrs. Rosenberg and who had already become a United States citizen. He was living with the woman who had become his mother after his biological uncle, who was his guardian in the wake of his biological parents' death, asked Mrs. Rosenberg to become his legal guardian. When Mrs. Rosenberg was advised to pursue a domestic adoption in September 2013, Ian's ties to the United States became firmly rooted.

33. It was significant error that USCIS found that Ian entered the United States for the purposes of adoption on December 26, 2013, as a parolee when this was not a legal "entry" due to the brief, casual and innocent nature of the absence from the United States. This determination by USCIS that Ian "departed" the United States is legally and factually incorrect on several counts. Initially, pursuant to the Fleuti Doctrine, Ian's departure from the United States from December 19, 2013, until December 26, 2013, was brief, casual and innocent and cannot be a "depature" or an "entry." As such, this legally establishes that his last true entry was June 21, 2013, more than six months prior to his adoption in Cuyahoga County, Ohio, on January 16, 2014. *See Rosenberg v. Fleuti*, 374 U.S. 449, 461-62 (1963).

---

officer with whom they spoke at the border instructed them to return closer to the December 20, 2013, expiration date of Ian's stay. They did not depart the United States on October 25, 2013.

34. USCIS also erred in determining that Ian "did not reside in or have compelling ties to the US at the time. . ." of his adoption on January 16, 2014, even though Mrs. Rosenberg provided evidence that Ian established a habitual residence in the United States in those six months. Ian was living with the only family he knew—his older brother and his soon-to-be adopted mother, Mrs. Rosenberg. When the correct legal standard is applied and the strong evidence that establishes Ian's habitual residence in the United States between June 2013 and January 2014 is properly analyzed, the Hague Convention exception must be recognized.

35. Additionally, 8 C.F.R. § 204.303(b) states: "if the Central Authority (or another competent authority of the country in which the child has his or her actual residence) has determined that the child's status in that country is sufficiently stable for that country properly to exercise jurisdiction over the child's adoption or custody. This determination must be made by the Central Authority itself, or by another competent authority of the country of the child's habitual residence . . .." The Probate Court of Cuyahoga County, Ohio is the "competent authority of the country of the child's habitual residence" when the adoption decree was issued by that authority January 16, 2014. While the most recent true entry by Ian and his adopted mother, Mrs. Rosenberg, on June 21, 2013, was not initially to establish residence in the United States, nor to seek an adoption—roundtrip tickets were purchased for all family members so the boys could return to school in Vietnam—the family's intentions changed over time and specifically in September 2013 following Mrs. Rosenberg's conversation with Officer Small at the USCIS office in Ohio, prior to Ian's adoption in January 2014.

11

36. USCIS misconstruing Mrs. Rosenberg's traveling to the United States in 2013. At the time of their arrival in 2013, the family intended to return to Vietnam and though she obtained a tourist visa for Ian to permit the temporary visit to the United States—his only option—the evidence presented establishes that the family's intent at that time was to return to Vietnam as they had in 2012. Documentation presented to USCIS confirms that Mrs. Rosenberg had been establishing a home for Ian in Vietnam ever since he started living with her and his biological brother in July 2011. The family visited the United States over the summer in 2012, and were returning for another summer visit and a important family wedding in June 2013. Mrs. Rosenberg has presented clear evidence that until September 23, 2013, when Officer Small from USCIS advised her to proceed with a domestic adoption, her goal was to establish residency with Ian and legal custody of him in Vietnam.[5]

37. Secondarily, USCIS also erred by ignoring applicable law and significant evidence in finding that Ian's identity was not properly established because Mrs. Rosenberg clearly met the requirements for doing so under the controlling legal authorities. *See* 8 C.F.R. § 103.2(b)(2). The filings by Mrs. Rosenberg established that Ian's birth certificate was unavailable, as it was registered more than two years after his birth. She presented the required secondary evidence in order to establish Ian's identity, including two sworn declarations from Ian's biological aunts who had first-hand knowledge of his birth, an affidavit from an attorney in Vietnam retained to search for Ian's birth record, Ian's Vietnam school records, Ian's biological grandmother's residence book, photographs of

---

[5] See evidence of advice given to Mrs. Rosenberg by Department of State official in Vietman regarding the need to establish legal and physical custody of Ian in Vietnam in order for her to successfully petition for him to qualify for his permanent residence in the United States.

12

Ian with his biological mother, and death certificates for Ian's biological parents, uncle, and grandmother.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Administrative Procedure Act & Immigration and Nationality Act*
*(Arbitrary and Capricious Ruling)*

1. Mrs. Rosenberg repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

2. This Court may review and set aside all final agency actions that are "arbitrary, capricious, . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

3. Defendants' denial of Mrs. Rosenberg's petition contrary to operational law and while ignoring the most relevant evidence in support of Mrs. Rosenberg's visa petition is arbitrary and capricious, unsupported by reasoned decision-making, and violates the APA.

4. The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review." 5 U.S.C. § 702.

5. USCIS's failure to follow the Immigration and Nationality Act, the implementing regulations, the agency's own guidelines and policies resulted in a decision that is unsupported by reasoned decision-making.

6. An agency decision is arbitrary and capricious if it has "'entirely failed to consider an important aspect of the problem,' here Congress' clear intent to keep bona fide immigrant families united." *Cantwell v. Holder*, 995 F.Supp.2d 316, 320 (S.D. N.Y. 2014) (quoting

*Sook Young Hong v. Napolitano*, 772 F.Supp.2d 1270, 1277 (D. Haw. 2011).

7. Further, "the APA authorizes courts to review agency actions for conformity with law." *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006). The decision in this case was not supported by the law and substantial and probative evidence was ignored in the agency's denial. As a result, this court should overturn USCIS's findings and denial of Mrs. Rosenberg's visa petition. *See id*.

8. Mrs. Rosenberg has no other remedy to address USCIS's illegal actions in this case other than through this claim. 5 U.S.C. § 704; *Gillis v. U.S. Dep't of Health and Human Services*, 759 F.2d 565, 575 (6th Cir. 1985). Moreover, the denial of the visa petition is not preliminary, and directly impact the rights and obligations of Mrs. Rosenberg by causing her son to be denied relief and, as a result, forced to depart the United States.

9. Defendant USCIS's visa petition denial is arbitrary and capricious, is not in accordance with law, and exceeds the scope of its statutory and regulatory authority.

**SECOND CAUSE OF ACTION**
*Violation of Due Process*

1. Mrs. Rosenberg repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

2. Mrs. Rosenberg has a fundamental right to the "integrity of [her] family unit," under the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Landon v. Plasencia*, 459 U.S. 21, 32-33 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976).; *see also Chambers v. Sanders*, 63 F.4th 1092, 1096 (6th Cir. 2023) (recognizing that the Due Process Clause protects "rights that are grounded in family integrity and autonomy"); *Baaghil v. Miller*, 1 F.4th

14

427, 434 (6th Cir. 2021) (acknowledging a family-based liberty interest in visa petitions); *Chambers v. Sanders*, 63 F.4th 1092, 1096 (6th Cir. 2023) (recognizing that the Due Process Clause protects "rights that are grounded in family integrity and autonomy"); <u>Bangura v. Hansen</u>, 434 F.3d 487, 496 n.2 (6th Cir. 2006) (finding support for the proposition that a U.S. citizen petitioner has due process rights in an I-130 petition); *Zerezghi v. United States Citizenship & Immigr. Servs.*, 955 F.3d 802, 808 (9th Cir. 2020) ("[A] citizen petitioner has a constitutionally protected interest in the grant of an I-130 petition . . because approval of an I-130 petition is nondiscretionary."); *Ginters v. Frazier*, 614 F.3d 822, 829 (8th Cir. 2010) (recognizing that approval of an I-130 is nondiscretionary); *Ayanbadejo v. Chertoff*, 517 F.3d 273, 277-78 (5th Cir. 2008) (same); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (holding that non-discretionary statutes create property interests for the purpose of procedural due process).

3. USCIS's denial of Mrs. Rosenberg's visa petition on her adopted son's behalf has violated her due process rights.

4. The denial of the visa petition that is challenged herein represents final agency action as Mrs. Rosenberg has no other recourse to correct the government's errors. The denial of the visa petition is not preliminary, and directly impact the rights and obligations of Mrs. Rosenberg by causing her son to be denied relief and, as a result, to be forced to depart the United States. She filed a visa petition for her adopted son's permanent resident status a second time hoping USCIS would correct their initial error in denying her petition, but to no avail. This complaint follows.

5. The INA creates a protected interest pursuant to 8 U.S.C. § 1154(b), which states that USCIS adjudicators *shall* approve an immediate relative petition. *See Bangura*, 434 F.3d

15

at 496 n.2. Mrs. Rosenberg has substantive and procedural due process rights at stake, which USCIS violated in denying the immediate relative petition for her adopted son contrary to the material evidence and controlling law. *See id*.

6. Defendant USCIS's denial of Mrs. Rosenberg's visa petition is not in accordance with law, and violates Mrs. Rosenberg's substantive and procedural due process rights.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Declare unlawful the decision by USCIS to deny Mrs. Rosenberg's visa petition on behalf of her son, Ian Rosenberg;

3. Vacate and set aside USCIS's current decision denying Mrs. Rosenberg's visa petition;

4. Order, pursuant to 5 U.S.C. § 705 and this court's inherent authority, Defendants to grant Mrs. Rosenberg's visa petition pursuant to the applicable law and facts;

5. Award costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

6. Order any further relief this Court deems just and proper.

Dated: January 15, 2026

Respectfully submitted,
Jane ROSENBERG,
Through counsel,

*/s/ Brian J. Halliday*
Brian J. Halliday
Partner
Green and Spiegel
Midwest
20600 Chagrin Boulevard
Suite #703
Shaker Heights, OH 44122
Tel: (216) 896-0855

        */s/ Kerry E. Doyle Mass BBO 565648*
        Kerry E. Doyle*
        Partner
        Green and Spiegel
        1524 Delancey Street
        4th Floor
        Tel: (215) 395-8959
        Cell: (617) 216-1248
        Fax: (215) 330-5311

        *\*Motion for pro hac vice admission pending*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I presented the foregoing Complaint for Declaratory and Injunctive Relief to the Clerk of Court for filing and uploading to the CM/ECF system and I hereby certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Kristi NOEM, Secretary,
U.S. Department of Homeland Security;
Joseph B. EDLOW, Director,
U.S. Citizenship and Immigration Services;
U.S. CITIZENSHIP AND IMMIGRATION SERVICES;
U.S. DEPARTMENT OF HOMELAND SECURITY

        */s/ Brian J. Halliday*
        Brian J. Halliday
        Partner
        Green and Spiegel
        Midwest
        20600 Chagrin Boulevard
        Suite #703
        Shaker Heights, OH 44122
        Tel: (216) 896-0855